UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAPRICE CAPRICE,

    Plaintiff,

v.     Civil Action No. 11 0535

THE UNITED STATES OF AMERICA, et al.,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court for consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff brings this action under 18 U.S.C. §§ 241 and 242 against the United States, the Solicitor General and the United States Supreme Court. Compl. ¶¶ 5, 8-10. It appears that the Supreme Court has denied plaintiff's petition for a writ of certiorari, *id.* ¶ 14, and, therefore, "it is not inconceivable that the Defendants . . . acted in concert to **CRIMINALLY** deprive [plaintiff] of [his] Constitutional, as well as [his] Civil Rights," *id.* ¶ 16 (emphasis in original). In the alternative, plaintiff asserts that "the Justices were willfully and wrongfully derelict in their responsibilities to read the petitions that come before [them]," *id.* ¶ 17, or "that in an unfortunate concurrence of circumstances, [his] petition must have somehow fallen through the cracks, and [has] been overlooked," *id.* ¶ 18. Plaintiff demands an order declaring it "incredible" or "unbelievable" that the Supreme Court could have denied his petition after having reviewed it, or inviting the Supreme Court to admit its error in overlooking the petition. He demands

alternatively a declaratory judgment that defendants deprived him of his civil rights in violation of 18 U.S.C. §§ 241 and 242.

This Court has no authority to determine what action, if any, must be taken by the Justices of the Supreme Court and the Supreme Court's administrative officers with respect to plaintiff's petition. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir.) (per curiam), *cert. denied*, 506 U.S. 844 (1992); *see also In re Lewis*, No. 99-5015, 1999 WL 150347 (D.C. Cir. Feb. 26, 1999) (per curiam) ("It is axiomatic that this court may not review orders of the Supreme Court or direct the Court to take any action."). Nor may this Court "force the Supreme Court – or any other court – to reconsider its own rulings." *Carr v. Mahone*, No. H-08-0132, 2008 WL 375501, at *4 (S.D. Tex. Feb. 11, 2008). Moreover, there is no private right of action under 18 U.S.C. §§ 241 and 242. *See Abou-Hussein v. Gates*, No. 09-5358, 2010 WL 2574084 (D.C. Cir. June 11, 2010) (per curiam) ("[A]s the district court correctly determined, 18 U.S.C. §§ 241 and 1001 are criminal statutes that do not expressly create a private right of action."); *Keyter v. Bush*, No. 04-5324, 2005 WL 375623 (D.C. Cir. Feb. 16, 2005) (per curiam) (affirming dismissal of claims "pursuant to 18 U.S.C. §§ 4, 241, and 242, because, as criminal statutes, these statutes do not convey a private right of action"), *cert. denied*, 546 U.S. 875 (2005); *Gasaway v. Obama*, No. 10-1979, 2010 WL 4793602 (D.D.C. Nov. 18, 2010).

The Court will dismiss this action for failure to state a claim upon which relief can be granted. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/
United States District Judge

DATE: March 9, 2011